[Civ. No. 26320. Fourth Dist., Div. One. May 18, 1983.]

DUANE DOYLE JOHNSON, Plaintiff and Respondent, v.
DORIS V. ALEXIS, as Director, etc., Defendant and Appellant.

COUNSEL

George Deukmejian, Attorney General, Daniel J. Kremer, Assistant Attorney General, and Janelle B. Davis, Deputy Attorney General, for Defendant and Appellant.

Duane Doyle Johnson, in pro. per., for Plaintiff and Respondent.

OPINION

COLOGNE, Acting P. J.—The Director of the State Department of Motor Vehicles, Doris V. Alexis, appeals after the trial court granted Duane Doyle

Johnson's petition for mandate and ordered the director to set aside an order suspending Johnson's driver's license.

On October 29, 1975, Johnson drove a vehicle while under the influence of alcohol. He was convicted of that offense January 20, 1976. Four years, 359 days after the first offense, on October 23, 1980, Johnson repeated the crime. He was convicted of the repeat offense on March 16, 1981.

On January 1, 1981, amendments to Vehicle Code[1] section 13352 became effective, changing the rule requiring a one-year suspension of one's driver's license upon a second *conviction* of the drunk driving offense within five years to a rule requiring the suspension upon a second conviction of a drunk driving "offense which occurred within five years of the date of a prior offense which resulted in a conviction."[2]

Thus, two offenses, rather than two convictions, within five years became the basis for suspension on January 1, 1981.

On May 21, 1981, the director ordered Johnson's license suspended, applying the law that went into effect January 1, 1981.

 Johnson brought his writ on the theory the director's application of the new law to his case constituted application of an ex post facto law. The trial court agreed with Johnson's theory, labeling the change of law an ex post facto provision and a bill of attainder as to Johnson.

Under settled principles of jurisprudence, it is unnecessary to deal with the constitutional ex post facto-bill of attainder issues (U.S. Const., art. I, § 9, cl.

---

[1] All statutory references are to the Vehicle Code unless otherwise specified.

[2] Before January 1, 1981, section 13352 provided, in part: "The department shall . . . immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of driving a motor vehicle while under the influence of intoxicating liquor or any drug. . . . The suspension or revocation shall be as follows:
" . . . . . . . . . . . . . . . . . . .
"(c) *Upon a second conviction* or finding of driving a motor vehicle while under the influence of intoxicating liquor or any drug, or under the combined influence of intoxicating liquor and any drug, or in violation of subdivision (c) of section 23105, or any combination of such convictions or findings *within five years,* such privilege shall be suspended and shall not be reinstated in less than one year and until such person gives proof of ability to respond in damages as defined in Section 16430." (Stats. 1978, ch. 911; italics added.)
Effective January 1, 1981, subdivision (c) read: "(c) *Upon a second conviction* or finding of driving a motor vehicle while under the influence of intoxicating liquor or any drug, or under the combined influence of intoxicating liquor and any drug, or in violation of subdivision (c) of Section 23105, or any combination of such convictions or findings *of an offense which occurred within five years of the date of a prior offense which resulted in a conviction,* such privilege shall be suspended and shall not be reinstated in less than one year and until such person gives proof of ability to respond in damages as defined in Section 16430." (Stats. 1980, ch. 1004, p. 3196; italics added.)

3; Cal. Const., art. I, § 9), for the case may be resolved without doing so. ■ The rule is "we do not reach constitutional questions unless absolutely required to do so to dispose of the matter before us." *(People* v. *Williams* (1976) 16 Cal.3d 663, 667 [128 Cal.Rptr. 888, 547 P.2d 1000]; and see *People* v. *Frierson* (1979) 25 Cal.3d 142, 196-197 [158 Cal.Rptr. 281, 599 P.2d 587], conc. opn. by Bird, C. J.)

■ It is settled that "a statute should not be given retroactive effect so as to deprive an individual of a pre-existing right unless the Legislature has *clearly* expressed its intention to accomplish that end" *(Henrioulle* v. *Marin Ventures, Inc.* (1978) 20 Cal.3d 512, 520 [143 Cal.Rptr. 247, 573 P.2d 465], italics added; *DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 174 [18 Cal.Rptr. 369, 367 P.2d 865]).

■ The director's application of the statute effective January 1, 1981, to Johnson's second drunk driving offense occurring before that date directly contravenes the rules of *Henrioulle.* It deprives Johnson of the preexisting right he had to continue his licensed driving unless he suffered two convictions of drunk driving within five years. That this was an existing, important protectable right there can be no doubt (see *Mackey* v. *Montrym* (1979) 443 U.S. 1, 10 [61 L.Ed.2d 321, 329, 99 S.Ct. 2612, 2617], for procedural due process purposes, suspension of a driver's license for statutorily defined cases implicates a protectable property interest; *Bell* v. *Burson* (1971) 402 U.S. 535, 539 [29 L. Ed.2d 90, 94, 91 S.Ct. 1586, 1589], same; *Berlinghieri* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 392, 398 [188 Cal.Rptr. 891, 657 P.2d 383], for purpose of independent judgment review standard, driver's license suspension has impact on the individual sufficiently vital to compel full and independent review). That the act of suspending one's driver's license constitutes punishment is reflected in the following passage from *Curtin* v. *Department of Motor Vehicles* (1981) 123 Cal.App.3d 481, 486 [176 Cal.Rptr. 690], involving an erroneous suspension under section 13352: "We are of the opinion that right and justice demand that, where reasonably possible, a guiltless person should not suffer driver's license suspension because of an erroneous official act of the state. We discern no rational public purpose to the contrary. And *where such punishment has been imposed,* it seems proper, under the above-noted authority, that it be ameliorated to the extent reasonably possible." (Italics added; see *Hough* v. *McCarthy* (1960) 54 Cal.2d 273, 282 [5 Cal.Rptr. 668, 353 P.2d 276]; and see *People* v. *O'Rourke* (1932) 124 Cal.App. 752, 759 [13 P.2d 989].)

At the time Johnson committed his second drunk driving offense, there was no statute providing automatic suspension of his license for having two drunk driving offenses within five years. There needed to be two convictions of that offense within the five-year period. To impose the suspension sanction upon him under the later enactment is to give retroactive effect to the statute.

There surely is no expression, much less a clear one, of legislative intent the amendments effective January 1, 1981, should have retroactive application. Looking at the amending statute as a whole, chapter 1004 of the Statutes of 1980, it is interesting to note the Legislature provided for either limited future duration or delayed operative effect of most of the other Vehicle Code sections affected by the statute. Yet it was silent in terms of prospective or retrospective operation or effect in its amendments to section 13352.

Under the settled rule, we must give the amendments to section 13352 only prospective operation and effect. The amendments simply do not apply to Johnson's case.[3]

Judgment affirmed.

Staniforth, J., and Wiener, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1983.

---

[3]It should be noted where the second offense occurs on and after January 1, 1981, and the prior offense occurred within five years of that date (and where each was determined by conviction), the statute is fully applicable (*McDonald* v. *Massachusetts* (1901) 180 U.S. 311 [45 L.Ed. 542, 21 S.Ct. 389, 390]; *Ex Parte Gutierrez* (1873) 45 Cal. 429, 432).