668 P.2d 1119

**In re Daniel BUNNELL.**

**STATE of New Mexico,
Petitioner-Appellee,**

v.

**Daniel BUNNELL, Respondent-Appellant.**

**No. 6052.**

Court of Appeals of New Mexico.

Aug. 11, 1983.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

Michael Schwarz, Santa Fe, for respondent-appellant.

## OPINION

BIVINS, Judge.

Respondent appeals an order for his civil commitment under NMSA 1978, § 43–1–11 (Repl.Pamp.1979) of the Mental Health and Developmental Disabilities Code. We address the following issues: 1) mootness; 2) effective assistance of counsel under § 43–1–11; and 3) attorney selection process.

On the basis that he presented a danger to himself or others, respondent was involuntarily committed to the New Mexico State Hospital under NMSA 1978, § 43–1–10 (Repl.Pamp.1979), an emergency provision which requires a hearing within seven days. The State filed a petition to commit respondent for an additional thirty days under § 43–1–11, on November 10, 1982. An employee of the district attorney's office called respondent's attorney on the same day to notify him of his appointment as counsel and of the hearing scheduled for 10:30 a.m., November 12, 1982.

After learning of his appointment, respondent's attorney secured a court order to obtain respondent's medical records from Sangre de Cristo Community Mental Health Service in Espanola. He could not reach Las Vegas before 5:00 that day to pick up other records located there, and the next day was a state holiday.

On November 11, 1982, Veteran's Day, respondent's attorney attempted to discuss the case with the State's psychologist, but the psychologist refused to talk about it on his day off. Although counsel had an opportunity to speak with the psychologist before the hearing began the next morning, respondent asserts that his attorney needed more time in order to provide adequate representation.

Mootness

The State argues that the doctrine of mootness prevents this Court from reviewing respondent's claims on appeal. We recognize that respondent has already spent the challenged thirty days at the New Mexico State Hospital and that he therefore has no personal stake in the outcome.

■ Since his claims, however, are capable of repetition, raise questions of public importance, and would otherwise evade appellate review, we recognize them as falling within an exception to the mootness doctrine. *See Matter of Pernell,* 92 N.M. 490, 590 P.2d 638 (Ct.App.1979). Thus, we have addressed the issues presented on their merits.

Section 43–1–11

Respondent argues that § 43–1–11, as applied, denied him procedural due process in violation of the Fourteenth Amendment of the United States Constitution.

Section 43–1–11 states:

Every adult client involuntarily admitted to an evaluation facility * * * shall have the right to a hearing within seven days of admission unless waived after consultation with counsel * * * *

At the hearing, the client shall be represented by counsel, and shall have the right to present evidence on his behalf, including testimony by an independent mental health professional of his own choosing, to cross examine witnesses, and to be present at the hearing.

■ The State contends that the waiver provision afforded respondent an opportunity to gain more time for preparation before the hearing. We do not construe it that way. The statute does not provide for postponement but instead furnishes a means by which an individual may waive his right to challenge his detention. By waiver he transforms an involuntary commitment into a voluntary one.

■ A court will not decide a constitutional question unless necessary to a disposition of the case. *Hillman v. Health and Soc. Services Dept.,* 92 N.M. 480, 590 P.2d 179 (Ct.App.1979). Because we read § 43–1–11 to require adequate preparation time for counsel, we do not reach respondent's due process argument.

Unless an attorney has an opportunity to obtain records, talk with his client, and secure witnesses necessary to present his client's response to a commitment petition, the rights afforded him in § 43–1–11 provide only hollow safeguards. We construe the statute as mandating substantial protection for individuals detained by involuntary commitment proceedings.

Following an emergency detention under § 43–1–10, the evaluation facility has five days in which to petition for a thirty-day commitment under § 43–1–11. Since the State must schedule a hearing within seven

days, an appointed attorney may, as in this case, have little time to prepare. Moreover, under current procedures, we do not find it inconceivable that the trial court could appoint counsel immediately before the hearing begins.

Balancing the need for a prompt hearing with the importance of a meaningful hearing before imposition of a thirty-day detention, we hold that a trial court, or special master as utilized here, must grant a short continuance when counsel establishes that he has not had sufficient time to prepare his client's case. If the trial court grants such a continuance, it must also hold an immediate preliminary hearing to determine whether the State can present sufficient evidence to justify holding the individual beyond the seven-day emergency period allowed under § 43–1–10.

In the present case, respondent's counsel had the latter portion of one workday and two hours on the day of the hearing in which to prepare respondent's case. The State concedes that two days is not sufficient time, and we agree. In light of the circumstances of the case, we hold the preparation period insufficient to afford respondent adequate protection of his rights under § 43–1–11.

Attorney Selection

An employee of the district attorney's office in Santa Fe has the responsibility for selecting attorneys to handle cases involving indigents who have the right to an attorney. Respondent contends that this procedure violates his constitutional rights to due process and equal protection. He concedes that he cannot claim any prejudice but argues that the appearance of conflict in itself tainted the proceeding.

We offer no opinion as to whether the procedure followed by the district attorney's office violates the New Mexico Code of Professional Responsibility. We hold only that respondent may not pursue his constitutional claims without showing that he has suffered some harm from the alleged defective procedure. This Court does not give advisory opinions. *State v. Herrod,* 84 N.M. 418, 504 P.2d 26 (Ct.App.1972).

Attorneys Fees

Since the State does not question respondent's indigency, we award his counsel $1,000 in attorney's fees for pursuing this appeal. *See* NMSA 1978, Civ.App.R. 27; NMSA 1978, § 43–1–4 (Repl.Pamp.1979).

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.