710 P.2d 745

**Miguel MINERO, Plaintiff-Appellant,**

**v.**

**Joe R. DOMINGUEZ,**
**Defendant-Appellee.**

**No. 8544.**

Court of Appeals of New Mexico.

Oct. 24, 1985.

Robert J. Maguire, Gilman, Maguire & Martinez, Albuquerque, for plaintiff-appellant.

Wanda Wilkinson, Staff Atty., Transp. Dept., Santa Fe, for defendant-appellee.

## OPINION

BIVINS, Judge.

NMSA 1978, Section 66–5–35 (Repl. Pamp.1984) provides for the issuance of a limited driving privilege upon suspension or revocation of a license following conviction. The 1978 N.M.Laws, ch. 35, § 257 provided for issuance of a license to drive "limited to use allowing him to engage in gainful employment." This required district court approval. The 1983 N.M.Laws, ch. 257, § 1 continued the gainful employment limitation, but deleted the requirement for district court approval. This change had an effective date of January 1, 1984. In 1984, the legislature again amended the law. 1984 N.M.Laws, ch. 72, § 3 is the current law. As a result of the 1984 amendment, no limited license for gainful employment shall be issued when the applicant's license was revoked or suspended for an offense for which the applicant is a subsequent offender. The effective date of this amendment is July 1, 1984.

The precise issue presented by this appeal is whether the 1984 amendment applies to a suspension for a subsequent offense that occurred prior to the effective date of the amendment.

Plaintiff Minero was convicted for driving under the influence (DWI) more than once, the last conviction occurring in 1982 following a plea. His license was suspended until 1987. Between 1982 and 1984 Minero applied for and obtained a license from the Department of Motor Vehicles limited to use in connection with his employment. This was authorized under the law at that time. When he applied in November, 1984 the director, defendant Dominguez, refused to issue the limited license. The refusal was based on the 1984 amendment because Minero was a subsequent offender. Minero has suffered no further convictions since 1982. He appealed the director's denial of a limited license to the district court, which entered an order, following a hearing, in effect sustaining the director's action. Minero now appeals to this court.

Minero contends that the 1984 amendment as applied to him is *ex post facto* and, therefore, prohibited by both the federal and state constitutions. Alternatively, he argues that the rules of statutory construction preclude the retroactive application of the 1984 amendment.

As a general principle, courts do not reach constitutional questions unless absolutely required to do so in order to resolve an issue presented. *In re Bunnell,* 100 N.M. 242, 668 P.2d 1119 (Ct.App.1983). Because the issue before us can be decided as a matter of statutory construction, we decide only whether the 1984 amendment can be applied retroactively.

It is presumed that a statute will operate prospectively only, unless a legislative intention to give it retroactive effect is clearly apparent. *Clark v. Ruidoso-Hondo Valley Hospital,* 72 N.M. 9, 380 P.2d 168 (1963), *overruled on other grounds,* 88 N.M. 588, 544 P.2d 1153 (1975). *See also Psomas v. Psomas,* 99 N.M. 606, 661 P.2d 884 (1982); *State v. Padilla,* 78 N.M. 702, 437 P.2d 163 (Ct.App.1968). No such legislative intent is expressed in the 1984 amendment.

In applying the rule which disfavors retroactive operation of a statute, courts have drawn a distinction between statutes which are procedural and statutes which are sub-

stantive in nature. *Wilson v. New Mexico Lumber & Timber Co.,* 42 N.M. 438, 81 P.2d 61 (1938). Those which are procedural in nature may be applied retroactively. *See, e.g., Gray v. Armijo,* 70 N.M. 245, 372 P.2d 821 (1962); *but cf. Davis v. Meadors-Cherry Co.,* 65 N.M. 21, 331 P.2d 523 (1958) (holding that not every statute is given retroactive effect even though it is remedial). On the other hand, statutes affecting substantive laws have been applied prospectively. *Clark; Padilla.*

The question then arises as to whether the 1984 amendment is procedural or substantive in nature. Substantive law generally creates duties, rights, and obligations. *Gray v. Armijo.* In dealing with a question similar to ours, the court in *Johnson v. Alexis,* 143 Cal.App.3d 82, 191 Cal.Rptr. 529 (1983), referring to a person's right to continue his licensed driving unless he suffered two convictions of drunken driving within five years, said:

> That this was an existing, important protectable [sic] right there can be no doubt (see *Mackey v. Montrym,* 443 U.S. 1, 10, 99 S.Ct. 2612, 2617, 61 L.Ed.2d 321, for procedural due process purposes, suspension of a driver's license for statutorily defined cases implicates a protectable [sic] property interest; *Bell v. Burson,* 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90, same; *Berlinghieri v. Department of Motor Vehicles,* 33 Cal.3d 392, 398, 188 Cal.Rptr. 891, 657 P.2d 383, for purpose of independent judgment review standard, driver's license suspension has impact on the individual sufficiently vital to compel full and independent review).

191 Cal.Rptr. at 530–31.

In *Berlinghieri v. Department of Motor Vehicles,* 33 Cal.3d 392, 188 Cal.Rptr. 891, 657 P.2d 383 (1983), cited in the above quote, the California Supreme Court had occasion to inquire into the nature of a driver's license. In determining the standard for administrative review, the court held that while a license does not rise to the level of a fundamental right for due process or equal protection purposes, continued retention of a license does involve a fundamental right of substantial importance in terms of both the economic implications and "'the importance of' the possession 'to the individual in the life situation.'" 188 Cal.Rptr. at 895, 657 P.2d at 387, *quoting from Bixby v. Pierno,* 4 Cal.3d 130, 93 Cal.Rptr. 234, 481 P.2d 242 (1971). The court went on to say that this is obviously true with respect to those individuals whose occupations depend directly on the ability to drive, such as truck drivers or delivery persons.

We agree with this rationale and hold that the retention of a driver's license, while only a privilege subject to revocation or suspension, does involve an important right for the purpose of retroactive application of the 1984 amendment. While the legislature could change the existing law so as to deny limited permits to subsequent offenders, absent a clear intent to apply the new law retroactively, it should be applied only to licensees whose subsequent offenses occurred after the effective date of the amendment, July 1, 1984.

By holding that the 1984 amendment operates prospectively, New Mexico drivers know that if they become subsequent offenders after the effective date, they will not be able to obtain limited permits or licenses for employment purposes, regardless of their needs. On the other hand, those drivers who relied on the existing law when their subsequent offenses occurred can still apply for limited work-related permits, a factor that may have influenced, in some cases, a plea of guilty or no contest.

The result we reach finds support in other cases. *Johnson v. Alexis* involved a similar situation. In that case, plaintiff was convicted of two DWI offenses. Before a 1981 amendment, Johnson's license would not have been suspended because his two convictions occurred more than five years apart. The amendment changed the law to require suspension where conviction of the second offense occurred within five years of the prior offense. Thus, the two offenses, rather than two convictions, became the basis for Johnson's suspension.

**554**

Holding that a license is an important, protectible right, the California Court of Appeal refused to give retroactive application to the 1981 amendment. *Accord Utter v. Alexis*, 158 Cal.3d 1171, 205 Cal.Rptr. 352 (1984); *Perez v. Department of Motor Vehicles*, 157 Cal.3d 985, 204 Cal.Rptr. 26 (1984).

For the same reasons, we refuse to give retroactive application to the 1984 amendment. The amendment applies to subsequent offenses which occur after the effective date of the amendment. The order dismissing Minero's appeal is reversed, and the case is remanded with directions for the district court to instruct the director to proceed with Minero's application under Section 66–5–35 as it existed before the 1984 amendment.

IT IS SO ORDERED.

WOOD and MINZNER, JJ., concur.