740 P.2d 132

**STATE of New Mexico, TRANSPORTATION DEPARTMENT, MOTOR VEHICLE DIVISION, Plaintiff-Appellant,**

v.

**David L. HERMAN, Defendant-Appellee.**

**No. 9029.**

Court of Appeals of New Mexico.

June 30, 1987.

Wanda Wilkinson, Staff Atty., Transp. Dept., Santa Fe, for plaintiff-appellant.

John W. Higgins, Mark Shapiro, Albuquerque, for defendant-appellee.

## OPINION

ALARID, Judge.

The court, on its own motion, has determined that the original opinion filed in this cause on June 4, 1987 should be withdrawn and the following substituted.

The State of New Mexico, Transportation Department, Motor Vehicle Division (MVD), plaintiff-appellant, appeals from an order of the district court overturning its decision to revoke the driver's license of defendant-appellee David L. Herman. The sole issue on appeal is whether the Department was divested of jurisdiction to revoke defendant's license by the failure of the officer to have the statement sent to MVD, either notarized or signed under penalty of perjury. We agree with the district court that the failure to properly execute the statement was jurisdictional and affirm.

### FACTS

On July 13, 1985, defendant received a citation for Driving While Intoxicated. On the citation, he was given notice that his driving privileges would be revoked in thirty days for driving with a blood alcohol content in excess of .10 percent. He was

also given notice of his right to request a hearing on the proposed revocation. Defendant timely requested a hearing before the MVD. A hearing was held before an MVD hearing officer on September 6, 1985. The hearing officer, after hearing arguments and testimony, sustained the proposed revocation of defendant's driving privileges by his order of September 8, 1985.

Defendant then appealed the decision to the district court of Bernalillo County. The case was assigned to the Honorable Rebecca Sitterly, and the parties argued before the court on November 1, 1985. The court ruled that the MVD lacked jurisdiction to proceed with the revocation because the initial statement which was sent to MVD by the arresting officer was not notarized or otherwise under the penalty of perjury.

## DISCUSSION

There is no dispute that NMSA 1978, Section 66–8–111(C) (Cum.Supp.1986), requires that a statement under "penalty of perjury" be submitted to the director of the MVD, before revocation, under the Implied Consent Act, NMSA 1978, Sections 66–8–105 to –112 (Orig.Pamp. & Cum.Supp.1986), of a person's driver's license. Further, MVD does not disagree with defendant that the statement submitted to MVD in this case was deficient. Rather, MVD argues that the requirement that the officer's statement be under penalty of perjury is directory rather than mandatory. The district court found the requirement to be mandatory and we agree.

At trial, MVD presented two arguments in support of its position. MVD argued that: (1) the officer's statement was under penalty of perjury by virtue of his oath of office to uphold the law; and (2) that "pub-lic policy compels that people who have been drinking [sic] under the influence of intoxicating liquor not get their license back on a technicality basis * * * * " On appeal, MVD appears to abandon these unsuccessful arguments and now urges this court to engage in a statutory interpretation analysis and hold that the provision in question is directory rather than mandatory. This argument was not presented to the trial court. We will not review on appeal a claim not made at the trial court absent some compelling reason. *Irvine v. St. Joseph Hosp., Inc.*, 102 N.M. 572, 698 P.2d 442 (Ct.App.1984).

While there is no compelling reason to review MVD's argument, we would observe that the "penalty of perjury" language undoubtedly is designed to protect those drivers who do not request a hearing. Holding a license is an important right, worthy of protection. *Minero v. Dominguez*, 103 N.M. 551, 710 P.2d 745 (Ct.App. 1985). To adopt MVD's argument that the requirement for a statement signed under penalty of perjury is only directory would permit revocation in cases where no hearing is requested on less than the officer's oath. We need only consider the dangers to recognize this would not be acceptable.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.