740 P.2d 1182

**Joyce S. STEPHENS,
Petitioner-Appellant,**

v.

**STATE of New Mexico, TRANSPORTATION DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent-Appellee.**

**No. 9318.**

Court of Appeals of New Mexico.

July 9, 1987.

LeRoy Duarte, Albuquerque, for petitioner-appellant.

Wanda Wilkinson, Staff Atty., Transp. Dept., Santa Fe, for respondent-appellee.

**OPINION**

MINZNER, Judge.

Petitioner appeals from an order of the district court affirming a decision of the Motor Vehicle Division (MVD or division) to revoke petitioner's driver's license for 90 days pursuant to NMSA 1978, Section 66–8–111(C)(1) (Cum.Supp.1986). Under that statute, the director of the division shall revoke a license for a period of 90 days "upon receipt of a statement signed under penalty of perjury" and containing various grounds to believe that the holder of the license had been driving while intoxicated. *Id.* The district court found that the officer's testimony under oath at the administrative hearing satisfied the statutory requirement. We hold that it did not, and we reverse and remand with instructions.

Petitioner was arrested by an Albuquerque police officer for driving while intoxicated (DWI) and other traffic violations. The arresting officer transported petitioner to a Batmobile where a breath test was administered. The test indicated that petitioner's blood alcohol level was 0.124. The officer then completed an affidavit as required by Section 66–8–111; however, the

affidavit was not notarized, although the form used provides a place for a notary's signature. The officer took possession of petitioner's license and issued her a temporary one. *See* NMSA 1978, § 66–8–111.1 (Cum.Supp.1986). The record indicates that the officer submitted the license with his statement to MVD; that he gave petitioner written notice of revocation at the time he took her license; and that the division also gave her written notice of revocation by certified mail. *See id.;* § 66–8–111(C)(1); NMSA 1978, § 66–8–112(A) (Cum.Supp.1986).

Petitioner requested a hearing pursuant to Section 66–8–112(B). At that time, the arresting officer testified under oath. The hearing officer found against petitioner on each of the issues listed for determination at the administrative hearing, *see* Section 66–8–112(F), and on behalf of the director entered an order sustaining the revocation. *See id.*

On appeal, the district court found that "the fact that the original statement was not under oath was cured by the subsequent testimony of both officers under oath at the hearing, so the possibility of prejudice to the Petitioner was removed." Based on the record of the administrative hearing, the court concluded that the division had jurisdiction of the matter and that reasonable grounds existed for the division to revoke petitioner's license. *See* § 66–8–112(G).

While petitioner's appeal to this court was pending, this court held that the statutory requirement of a sworn statement is jurisdictional. *See State of New Mexico, Transp. Dep't, Motor Vehicle Div. v. Herman*, 106 N.M. 138, 740 P.2d 132 (1987). In that case, as in this one, the state argued that the statutory requirement was directory rather than mandatory. However, we declined to answer the argument because it had not been raised at the trial level. In this case, the issue was preserved, and we address it.

After this case had been submitted to a panel for submission, MVD moved to dismiss the appeal on the ground that "[t]he Motor Vehicle Division has offered to re-

scind the revocation of Petitioner's driving privileges, and to remove the revocation from her driving record." The motion was opposed. The motion was premised on the view that *State v. Herman* was dispositive. We held the motion in abeyance pending disposition of the appeal by the panel. *See* SCRA 1986, 12–401(B). For the reasons that follow, we conclude that the statutory requirement of a sworn statement is mandatory and jurisdictional. We deny the motion to dismiss the appeal.

Section 66–8–111(C) states:

The director, upon receipt of a statement signed under penalty of perjury from a law enforcement officer stating that he had reasonable grounds to believe the arrested person had been driving a motor vehicle within this state while under the influence of intoxicating liquor and that the person submitted to chemical testing pursuant to Section 66–8–107 NMSA 1978 and the test results indicated one-tenth of one percent or more by weight of alcohol in the person's blood if the person is eighteen years of age or older or five one-hundredths of one percent or more by weight of alcohol in the person's blood if the person is less than eighteen years of age, shall revoke the person's license or permit to drive or his nonresident operating privilege for a period of:

(1) ninety days if the person is eighteen years of age or older * * *

The parties agree that because the officer failed to have the affidavit which he sent to MVD notarized, it is not a statement under penalty of perjury. Petitioner argues that because of this deficiency MVD did not have authority to revoke her license, as the requirement in Section 66–8–111(C) is mandatory. MVD argues that the statutory requirement is directory, not mandatory. MVD further argues that sufficient safeguards are present to protect a driver against the possible prejudicial effects of a false statement. MVD notes petitioner may request a hearing on the validity of the revocation and that, if a hearing is requested, the state has to prove by a preponderance of the evidence that

the essential elements required for revocation have been met. MVD alleges that once a hearing is held the revocation is no longer based upon the officer's statement, but rather, the hearing officer's decision effectuates the revocation.

With respect to petitioner's argument that the statutory requirement is mandatory, we note that not all mandatory requirements are jurisdictional. *See Taylor v. Department of Transp.*, 260 N.W.2d 521 (Iowa 1977). Even mandatory requirements can be avoided under certain circumstances. *Cf. Redman v. Board of Regents*, 102 N.M. 234, 693 P.2d 1266 (Ct.App.1984) (failure to commence and complete timely administrative hearing was a mandatory but not a jurisdictional requirement; it could be waived or avoided if delay occurred for good cause).

We understand the division's position on appeal as an argument in favor of construing the statutory provision for a sworn statement as directory, rather than mandatory, but even if mandatory, as a requirement that can be avoided in the absence of prejudice. In our view, the statutory scheme does not support the state's argument. Rather, taken as a whole, the statute supports a conclusion that the requirement in question is mandatory and jurisdictional.

MVD cites *Taylor v. Department of Transp.* in support of their argument that MVD had jurisdiction to revoke petitioner's license. *Taylor v. Department of Transp.* involved a statutory requirement that a hearing be held within 20 days if requested by the driver. The department failed to provide the hearing within 20 days, but stayed the revocation pending the hearing. In holding that the failure to hold a timely hearing did not divest the department of jurisdiction, the court noted that the statutory provision was designed to provide order and promptness in the administrative process, and was not of the essence of the thing to be done. We do not find this reasoning applicable to the provision in question, which initially invokes the department's authority and establishes its right to conduct a hearing.

Section 66–8–111(C) states that "[t]he director, upon receipt of a statement signed under penalty of perjury * * * shall revoke the person's license * * *" Notice of revocation shall be served on the driver by the officer making the arrest. § 66–8–111.1. The driver has ten days from the date the notice is served to request a hearing. § 66–8–112(B). Failure to request a hearing within ten days results in forfeiture of the right to a hearing. *Id.* Revocation is effective 30 days from the date of notice. § 66–8–112(A). Therefore, if the driver does not take affirmative action to request a hearing within ten days, his license will have been revoked based solely on the officer's affidavit. If a hearing is requested, it is limited to the issues specified in the statute, *see* Section 66–8–112(E), and the result is an order "either rescinding or sustaining" the prior determination. *See* § 66–8–112(F). This court has stated that holding a driver's license is an important, protectible right, *Minero v. Dominguez*, 103 N.M. 551, 710 P.2d 745 (Ct.App.1985), and we agree with the Washington Court of Appeals that "[t]he law disapproves of visiting serious consequences upon parties on the basis of only unsworn evidence." *Metcalf v. State, Dep't of Motor Vehicles*, 11 Wash.App. 819, 821–822, 525 P.2d 819, 821 (1974).

In *Neely v. State, Dep't of Public Safety, Drivers License Div.*, 308 So.2d 880 (La.App.1975), the court held that suspension of a driver's license was not valid where a sworn report had not been filed. The court explained its reasoning as follows:

The requirement of the statute that the report of the officer reciting the essential facts upon which the Department's action must be based be "sworn" is an important requirement—not a mere technicality. The report of the officer triggers immediate, mandatory suspension of the drivers license by the Department under the provisions of the statute. Although the holder of the drivers license is afforded an opportunity for a hearing and judicial review on his request prior to actually surrendering the

license, he is, based on the report alone, put in the position of having to take affirmative steps to defend himself. The procedure is much in the nature of a criminal or at least quasi-criminal prosecution. It should not be instituted on the basis of anything less than a sworn report, under oath, that the essential facts exist.

*Id.* at 883.

In addition to Louisiana, courts in other states have held that the requirement of a sworn statement under their implied consent statutes is mandatory and jurisdictional. *See Skinner v. Sillas,* 58 Cal.App.3d 591, 130 Cal.Rptr. 91 (1976) (statute explicitly requires a sworn statement to give MVD jurisdiction to start the operation which may result in license suspension); *Cofer v. Summerlin,* 147 Ga.App. 721, 250 S.E.2d 174 (1978) (sworn report a condition precedent to suspending license); *Wilcox v. Billings,* 200 Kan. 654, 438 P.2d 108 (1968) (where report not sworn to, subsequent revocation proceedings were void); *Dawson v. Austin,* 44 Mich.App. 390, 205 N.W.2d 299 (1973) (failure of officer to swear to affidavit invalidated subsequent administrative proceedings); *Blackburn v. Motor Vehicles Div., Dep't of Transp.,* 33 Or.App. 397, 576 P.2d 1267 (1978) (the sworn report is, in essence, the basis of the Division's authority to consider suspension; it is thus a jurisdictional requirement); *Helsten v. Schwendiman,* 668 P.2d 509 (Utah 1983) (where officer's report failed to satisfy statutory requirement of "sworn report," revocation proceedings based thereon were invalid); *Binckley v. State, Dep't of Motor Vehicles,* 16 Wash.App. 398, 556 P.2d 561 (1976) (receipt of a sworn report from an arresting officer is a jurisdictional prerequisite to the institution of revocation proceedings).

This appears to be the majority rule. The result is premised on legislative intent in creating the agency's authority. *Cf. People v. Rehfeldt,* 103 Ill.App.3d 368, 59 Ill.Dec. 165, 431 N.E.2d 450 (1982) (where the court distinguished cases applying the majority rule on the basis that in those states the report went to an administrative agency, which was required to suspend a

license based on the report before any hearing was held).

Drafters of legislation are presumed to have used no superfluous words and we must accord meaning, if possible, to every word in a statute. *Metcalf v. State, Dep't of Motor Vehicles.* Holding that an officer's later testimony may replace the statement required by Section 66–8–111(C) would, in effect, amend the statute to delete "signed under penalty of perjury." *See Metcalf v. State, Dep't of Motor Vehicles.* Where the legislature has provided separate determinations, each with a different proof requirement, it intended to promote the accuracy of the proceeding. *Id.* It is reasonable to view the initial proof requirement as a threshold or prerequisite to the agency's right to proceed. *See Wulfkuhle v. State Dep't of Revenue,* 234 Kan. 241, 671 P.2d 547 (1983).

Even where a hearing is held, an officer may likely have little recollection of the event beyond what is in the report and he, in effect, often will be testifying to the contents of the report. Under the circumstances, it is not unreasonable that the evidence be sworn to at the time the events are freshly recorded. *Helsten v. Schwendiman.*

Since in New Mexico a license may be revoked by MVD without any hearing, we choose to follow the states which hold that the sworn statement is mandatory and jurisdictional. As the facts in this case illustrate, the legislature has provided three determinations with different proof requirements for each. Because each determination serves a different purpose, it would not be appropriate to substitute proof at the second level for the threshold or prerequisite requirement. *See Dewey v. Kansas Dep't of Revenue, Div. of Motor Vehicles,* 11 Kan.App.2d 72, 713 P.2d 490 (1986).

For the above reasons, we hold that MVD lacked jurisdiction to institute revocation proceedings. The order of the district court is reversed and the case is remanded with instructions to dismiss the revocation proceedings against petitioner. Petitioner

**202**

shall recover her appellate costs. *See Chalamidas v. Environmental Improvement Div.,* 102 N.M. 63, 691 P.2d 64 (Ct.App. 1984).

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.