798 P.2d 219

**In the Matter of Danny DOMINGUEZ, Respondent–Appellant,**

v.

**The STATE of New Mexico, Petitioner–Appellee.**

No. 11937.

Court of Appeals of New Mexico.

Aug. 28, 1990.

Nancy Koenigsberg, Protection and Advocacy System, Albuquerque, for respondent-appellant.

Florence Ruth Brown, General Counsel, Beth Schaefer, Ass't. General Counsel, Health & Environment Dep't., Santa Fe, for petitioner-appellee.

OPINION

DONNELLY, Judge.

Respondent, an indigent, appeals from an order denying his request for reexamination of his involuntary extended commitment to the Las Vegas Medical Center (Center) and denying his request for appointment of an independent mental health professional to assist him at such hearing. He raises two issues on appeal: (1) whether he is entitled to an independent mental health professional at a proceeding for reexamination of his involuntary extended commitment; and (2) if so, should the reasonable costs for such expert be provided at the expense of the state. We reverse and hold that an indigent client seeking reexamination of his extended commitment order is entitled to the assistance of an independent mental health expert, and if the expert is called by the client's court-ap-

pointed counsel, reasonable fees for such services are to be paid by the district court.

Respondent was involuntarily committed to the Center in 1986. An order of recommitment was entered in June of 1989. In October of 1989, in conjunction with the state's motion for reappointment of a treatment guardian, respondent petitioned pursuant to NMSA 1978, Section 43–1–12(D) (Repl.Pamp.1989) for reexamination of the order extending the original commitment order. At the same time, respondent also moved for appointment of a mental health professional and a continuance of the hearing until examination by the expert had occurred. After a hearing on the motions, they were denied.

Pursuant to the Mental Health and Develoment Disabilities Code (Code), NMSA 1978, Sections 43–1–1 to –25 (Repl.Pamp. 1989), an individual who has been involuntarily referred to the Center for treatment may petition for reexamination of the extended commitment order. § 43–1–12(D).

Section 43–1–12(D) provides as follows:

Any client involuntarily referred for treatment pursuant to this section shall be entitled to a reexamination of the order for his involuntary referral for treatment * * * * *Upon receipt of the petition, the [district] court shall conduct a proceeding in accordance with this section* except that such proceeding shall not be required to be conducted if the petition is filed sooner than sixty days after the issuance of the order for involuntary referral for treatment or sooner than sixty days after the filing of a previous petition under this subsection. [Emphasis added.]

■ The state argues that because the client's rights were not specifically enumerated in Section 43–1–12(D), the legislature could not have intended that the client have the same rights referred to in other subsections of Section 43–1–12. Respondent argues, and we agree, that the phrase "a proceeding in accordance with this section"

as specified in subsection (D) of Section 43–1–12 refers to that part of the Code concerned with extended commitments of adults. *Id.*

Section 43–1–12 specifies the procedure to be followed where the state seeks to extend the involuntary commitment of adults. Before an individual's commitment can be extended, however, he is entitled to a hearing as specified in Section 43–1–12(B). At that hearing, a client has the same rights granted to him at a commitment hearing provided under Section 43–1–11.[1] The rights provided under Section 43–1–11 include the right to be represented by counsel and to present evidence, and include the right to obtain testimony by an independent mental health professional. *Id.* We think the language of Section 43–1–12(B) and (D), when read along with the provisions of Section 43–1–11 clearly evinces a legislative intent to accord to a client the panoply of rights to which he is entitled under Section 43–1–11, including the right to the assistance of an independent mental health professional.

In determining the meaning of a statute, this court must give the statute a literal reading if the words used are unambiguous. *Sun Country Sav. Bank of New Mexico, F.S.B. v. McDowell,* 108 N.M. 528, 775 P.2d 730 (1989). The words used here are unambiguous. A literal reading of the statute leads us to the conclusion that the phrase "proceeding in accordance with this section" is meant to include those rights to which the client is entitled under Section 43–1–11.

Our understanding of Section 43–1–12 is bolstered by examining the rights afforded by Section 43–1–13, providing for involuntary commitment of developmentally disabled adults to residential care. Section 43–1–13 is structured similarly to Section 43–1–12. However, instead of incorporating rights granted by a previous section, as does Section 43–1–12(B), it expressly sets out the requirements for a hearing upon

---

1. Section 43–1–12(B) expressly incorporates the rights accorded under Section 43–1–11 and states, "A hearing shall be held upon the petition prior to the expiration of the thirty-day commitment period, at which the client shall have all rights granted to him under Section 43–1–11 * * * *"

petition, including representation by counsel, opportunity to present evidence, testimony by a developmental disability professional of the proposed client's choosing, and the opportunity to cross-examine witnesses. § 43–1–13(D). Section 43–1–13(G) then provides for mandatory reexamination of the involuntary referral order by a "proceeding in accordance with this section." Clearly, a proceeding in accordance with Section 43–1–13 would include the rights designated in Section 43–1–13(D), and an involuntarily committed client would be entitled to the testimony of an independent professional at his reexamination hearing. It would be illogical to conclude that a client seeking reexamination of involuntary extended commitment to a mental health facility would be entitled to fewer procedural rights than a client seeking reexamination of extended commitment to residential care.

Respondent also argues that, irrespective of the language of the statute, procedural due process requires that he receive the assistance of a mental health professional. The state contends that respondent did not preserve his right to make this argument on appeal. We need not resort to constitutional analysis of this contention because the statute grants him the right. *See In re Bunnell,* 100 N.M. 242, 668 P.2d 1119 (Ct. App.1983). Because we need not resort to constitutional analysis to resolve the issue raised on appeal, we do not address the state's argument that the right to make the argument on appeal was not preserved.

In light of our determination that respondent is entitled to the testimony of an independent mental health professional at the hearing for reexamination of his commitment, is the state required to defray the reasonable cost of providing an independent mental health professional for an indigent client? We answer this question affirmatively. Where the expert is called by a court-appointed attorney at such hearing, the district court is required to pay the reasonable fee for the expert as provided in Supreme Court Misc. Order No. 8000, filed November 17, 1987. *See In re Sanders,* 108 N.M. 434, 773 P.2d 1241 (Ct.App.1989).

The trial court's denial of respondent's request for reexamination of his commitment order and his request for such appointment of an independent mental health expert is reversed and the cause is remanded for further proceedings consistent herewith.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.