10 P.3d 153

2000-NMCA-078

### NEW MEXICO DEPARTMENT OF HEALTH, Petitioner–Appellee,

v.

### Fred COMPTON, Respondent–Appellant.

No. 20,356.

Court of Appeals of New Mexico.

June 14, 2000.

Certiorari Granted, No. 26,419, Sept. 5, 2000.

Beth W. Schaefer, Assistant General Counsel, New Mexico Department of Health, Santa Fe, NM, for Appellee.

Sandra L. Gomez, Michael C. Parks, Protection & Advocacy System, Inc., Albuquerque, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} Respondent, Fred Compton, appeals from the district court's orders granting two petitions under the Mental Health and Developmental Disabilities Code (the Code). *See* NMSA 1978, §§ 43–1–1 to 43–1–25 (1977 as amended through 1999). Respondent argues that the orders should be reversed and vacated because the petitions were not heard by the district court within the statutory deadlines. We affirm.

*Background and Facts*

{2} The relevant facts in this case are undisputed. Respondent was admitted to Las Vegas Medical Center (LVMC) on February 18, 1999, under the provisions of Section 43–1–10, which provide for emergency, involuntary commitments. On February 22, 1999, the Department of Health (Department) filed a Petition for a Thirty Day Commitment for Mental Health Evaluation and Treatment, under the authority of Section 43–1–11(A), and a Petition for Appointment of a Treatment Guardian for an Adult, under the authority of Section 43–1–15(B). The district court set a hearing on both motions for February 25, 1999, within the seven-day emergency period set forth in Section 43–1–11(A) and within the three-day period set forth in Section 43–1–15(B). On February 25, 1999, however, the district court entered an order continuing the hearing until March 4, 1999, because the trial judge was ill.

{3} At the hearing on March 4, 1999, Respondent's counsel moved to dismiss the petitions on the basis that Respondent had been more than seven days at LVMC without a hearing, contrary to the statutory requirements. The district court asked Respondent's attorney to explain what remedy Respondent had if grounds for commitment existed, and Respondent's counsel replied, "That he doesn't receive the treatment which he, in accordance with the doctor's testimony, requires." The court granted both of the Department's petitions. LVMC discharged Defendant on March 25, 1999. This appeal followed.

*Discussion*

{4} Respondent raises three issues on appeal: (1) Respondent's rights were violated because he did not receive a hearing within seven days of his involuntary commitment, (2) Respondent's rights were violated because he did not receive a hearing on the appointment of a treatment guardian within three days of service upon Respondent, and (3) this case is not moot, even though Respondent has since been discharged from LVMC.

■ {5} We review whether the statutory requirements of Sections 43–1–11(A) and 43–1–15(B) are mandatory as a question of law and determine whether the district court correctly applied the law to the facts of this case. *See Romero Excavation & Trucking, Inc. v. Bradley Constr., Inc.,* 1996–NMSC–010, ¶ 5, 121 N.M. 471, 913 P.2d 659.

{6} Section 43–1–10 of the Code provides that a peace officer may detain a person for an emergency mental health evaluation under certain specific circumstances. However, when a person is involuntarily admitted to an evaluation facility under Section 43–1–10, Section 43–1–11(A) states that the person "has the right to a hearing within seven days of admission unless waived after consultation with counsel." Section 43–1–11(A) also states that if the evaluation facility "decides to seek commitment of the client for evaluation and treatment" for a further thirty days, a petition seeking such commitment "shall be filed with the court within five days of admission." Additionally, Section 43–1–15(B) requires that when a mental health professional petitions the court for the appointment of a treatment guardian, "[a] hearing on the petition shall be held within three court days."

■ {7} LVMC released Respondent on March 25, 1999, thus potentially mooting this appeal. Respondent, however, argues that this Court should reach the merits of this case and that this case is not moot because Respondent's claims "are capable of repetition, raise questions of public importance, and would otherwise evade appellate review" and thus fall within an exception to the mootness doctrine. *In re Bunnell,* 100 N.M. 242,

244, 668 P.2d 1119, 1121 (Ct.App.1983). The Department does not challenge this position. Therefore, this Court will address the issues presented on their merits. *See id.*

{8} The parties do not dispute that the court continued the hearing on both petitions, which was timely scheduled for February 25, 1999, because the district court judge assigned to hear the motions was ill. The court reset the hearing for March 4, 1999, fourteen days after Respondent's admission to LVMC and seven days after the original hearing date. The questions before this Court, therefore, are (1) whether the statutory hearing deadlines are mandatory and (2) whether a violation of the hearing deadline gives rise to a presumption of prejudice and constitutes reversible error.

*The Statutory Hearing Deadlines are Mandatory*

{9} Section 43–1–11(A) states that "[e]very adult client involuntarily admitted to an evaluation facility" in an emergency "has the right to a hearing within seven days of admission unless waived after consultation with counsel." Additionally, if the Department petitions the district court to appoint a treatment guardian for that client, Section 43–1–15(B) states that "[a] hearing on the petition shall be held within three court days" after the petition is served on the client and the client's attorney.

{10} Respondent argues that the Code creates specific statutory rights and that those rights are to be strictly construed and strictly enforced. *See State v. Sanchez*, 80 N.M. 438, 440, 457 P.2d 370, 372 (1969) (stating commitment proceedings "are required to be in strict compliance with the statutory requirements"). Our Supreme Court has emphasized that "[i]f there is any class of cases which should be conducted with the utmost care to observe all of the requirements of the statute, it is those cases conducted for the purpose of determining the sanity of a citizen." *Id.* In addition, in *Bunnell*, 100 N.M. at 244–45, 668 P.2d at 1121–22, this Court recognized both that "the State must schedule a hearing [on a petition for a thirty-day commitment] within seven days" and that "[t]he statute does not pro-

vide for postponement." While this Court ruled in *Bunnell* that a "short continuance" should be permitted "when counsel establishes that he has not had sufficient time to prepare his client's case," that ruling was based on protecting the client's rights. *Id.* at 245, 668 P.2d at 1122.

{11} Respondent argues that the language of Section 43–1–11(A) and Section 43–1–15(B) is clear and unambiguous. Respondent correctly notes that when the language of a statute is clear and unambiguous, it must be given effect by the courts. *See V.P. Clarence Co. v. Colgate*, 115 N.M. 471, 473, 853 P.2d 722, 724 (1993). Furthermore, Section 43–1–15(B) uses the word "shall" in relation to the timeliness of the hearing. Generally, the "use of the word 'shall' ... imposes a mandatory requirement." *Redman v. Board of Regents*, 102 N.M. 234, 238, 693 P.2d 1266, 1270 (Ct.App.1984). We therefore agree that, based on the plain language of the statutes, the statutory hearing deadlines set forth in the Code are mandatory.

*The Effect of the Violation of the Mandatory Timeliness Requirement*

{12} Because we hold that the statutory hearing deadlines are mandatory, we next address the question of whether a violation of those deadlines requires dismissal of the petitions and thus reversal of the district court's orders. To answer whether dismissal is appropriate, we must determine whether the mandatory timeliness requirement is jurisdictional. *See Stephens v. State, Transp. Dep't, Motor Vehicle Div.*, 106 N.M. 198, 200, 740 P.2d 1182, 1184 (Ct.App.1987) ("[N]ot all mandatory [statutory] requirements are jurisdictional."). If the statutory requirement is jurisdictional, outright dismissal is the proper remedy because the court is effectively divested of jurisdiction. *See id.* at 201, 740 P.2d at 1185 (remanding for dismissal of driver's license revocation proceedings due to jurisdictional defect). If, however, the statutory requirement is mandatory but not jurisdictional, the proper analysis for dismissal is whether the delay prejudiced Respondent. *See State v. Budau*, 86 N.M. 21, 23, 518 P.2d 1225, 1227 (Ct.App.1973) (applying prejudice

analysis to delay in arraignment); *cf. Redman,* 102 N.M. at 239, 693 P.2d at 1271 (holding failure to commence and complete administrative hearing within statutory deadline to be reversible error in the absence of waiver or good cause).

### 1. *Jurisdictional Requirement*

{13} In New Mexico, the failure to comply with mandatory statutory requirements appears to raise a bar to jurisdiction when the requirement has been essential to the proper operation of the statute. *See State v. Gardner,* 1998–NMCA–160, ¶¶ 9, 14–15, 126 N.M. 125, 967 P.2d 465 (holding that statutory framework required strict compliance with regulations governing blood-alcohol testing and that results of tests not performed in accordance with regulations were not admissible in evidence).

{14} In *Stephens,* the Motor Vehicle Code allowed the Motor Vehicle Division to revoke a driver's license without a hearing upon the Motor Vehicle Division's receipt of a sworn statement by a police officer. *See Stephens,* 106 N.M. at 199, 740 P.2d at 1183. The Motor Vehicle Code required the officer's statement to be verified under penalty of perjury, while showing that to the officer's knowledge, the driver had been arrested for driving while intoxicated and test results demonstrated that the driver's blood alcohol level exceeded the legal limit. *See id.* When the police officer in *Stephens* failed to notarize the statement, this Court held that because the Division had the authority to revoke a license without a hearing, the sworn statement requirement was an "initial proof requirement" that functioned as a "threshold or prerequisite to the agency's right to proceed." *Id.* at 201, 740 P.2d at 1185. Because the statutory requirement affected the Division's ability to proceed with the revocation, the failure to comply with the statutory requirement was jurisdictional. *See id.*

{15} In this case, the mandatory statutory requirement that a hearing be held within either seven days for a thirty-day commitment or three days to appoint a treatment guardian does not affect the essential power of the district court to adjudicate the issue before it. *See Taylor v. Department of Transp.,* 260 N.W.2d 521, 523 (Iowa 1977) ("If the duty is not essential to accomplishing the principal purpose of the statute ... a violation will not invalidate subsequent proceedings unless prejudice is shown."). The requirement is not a jurisdictional "threshold or prerequisite" to the court's power to hear the merits of Respondent's commitment. *Stephens,* 106 N.M. at 201, 740 P.2d at 1185. Our Supreme Court has explained: "'The word 'jurisdiction' is a term of large and comprehensive import. It includes jurisdiction over the subject matter, over the parties, and power or authority to decide the particular matters presented.'" *Grace v. Oil Conservation Comm'n,* 87 N.M. 205, 208, 531 P.2d 939, 942 (1975) (quoting *Elwess v. Elwess,* 73 N.M. 400, 404, 389 P.2d 7, 9 (1964)). A court's lack of jurisdiction "means an entire lack of power to hear or determine the case and the absence of authority over the subject matter or the parties." *Grace,* 87 N.M. at 208, 531 P.2d at 942.

{16} Significantly, the Code provides that the seven-day hearing can be waived. *See* § 43–1–11(A). In *Redman,* this Court stated in reference to the timely hearing requirement for a de novo hearing in an administrative agency "that the legislature did not intend [by providing a provision for a timely hearing] a jurisdictional requirement in the sense that the right ... could not be waived." *Redman,* 102 N.M. at 239, 693 P.2d at 1271. This statement implies that a mandatory statutory requirement that is waiveable is not necessarily jurisdictional. The fact that the right to a timely hearing under Section 43–1–11(A) is waiveable is persuasive evidence "that the legislature did not intend a jurisdictional requirement in the sense that the right to a timely hearing could not be waived." *Redman,* 102 N.M. at 239, 693 P.2d at 1271.

{17} Respondent correctly notes that he has a liberty interest at stake. It is clear that Respondent has an "interest in being free from involuntary commitment as a mental patient." *Garcia v. Las Vegas Med. Ctr.,* 112 N.M. 441, 445, 816 P.2d 510, 514 (Ct.App. 1991). This liberty interest can be outweighed by competing interests only under specified conditions. *See id.;* § 43–1–11(C).

A citizen cannot be committed unless the conditions in Section 43–1–11(C) are met. Section 43–1–11(C), therefore, represents the operative and substantive portion of the statute which grants Respondent the right to be free from commitment in the absence of the listed conditions. *See Garcia*, 112 N.M. at 446, 816 P.2d at 515 (describing the portion of the Code which enumerates the proper conditions for commitment as the substantive portion of the statute).

{18} Importantly, the conditions in Section 43–1–11(C) are not at issue in this case. Respondent does not challenge the grounds for his commitment and, therefore, does not challenge the substantive and operative provisions of the Code that allow infringement upon his liberty interest under particular circumstances. The fact that the substantive commitment provisions are not at issue supports the conclusion that the statute's timeliness requirements are not jurisdictional, but are instead "designed to provide order and promptness ... and [are] not of the essence of the thing to be done." *Stephens*, 106 N.M. at 200, 740 P.2d at 1184.

{19} We acknowledge that other states are split on the issue of whether a hearing following an involuntary commitment is jurisdictional. *Compare Chatman v. State*, 336 Ark. 323, 985 S.W.2d 718, 722 (1999) (holding that failure to abide by statutory deadlines for probable cause hearing in involuntary commitment proceeding deprived successive court of further jurisdiction), *supplemented on denial of rehearing*, 336 Ark. 323, 991 S.W.2d 534 (1999), *and In re Elkow*, 167 Ill.App.3d 187, 118 Ill.Dec. 222, 521 N.E.2d 290, 294 (1988) (holding that any non-compliance with a statutory procedure for involuntary admission renders judgment in case "erroneous and of no effect"), *and State ex rel. Lockman v. Gerhardstein*, 107 Wis.2d 325, 320 N.W.2d 27, 29 (Wis.App.1982) (holding that failure to hold hearing within mandatory fourteen days deprived court of jurisdiction) *with People in Interest of Lynch*, 783 P.2d 848, 851–52 (Colo.1989) (en banc) (holding that failure to hold hearing within statutory ten days did not deprive the court of jurisdiction). But because New Mexico law indicates that hearing deadlines are not jurisdictional when they are designed to provide order and promptness, we believe that the mandatory hearing requirements in the Code are not jurisdictional. We consider the Code's hearing provisions to be procedural requirements, the purpose of which is to provide order and promptness. As a consequence, we find it necessary to review whether the failure to comply with the hearing deadline prejudiced Respondent.

### 2. *Prejudice*

{20} When we review the facts of this case under a prejudice analysis, we emphasize that Respondent should have been released from LVMC on February 25, 1999, when he did not receive a hearing. However, Respondent was not prejudiced as a result of his additional seven-day detention. At the time of his appeal, Respondent had already been released from LVMC and was kept there no longer than he would have been had his hearing been timely. Respondent does not allege, and there is nothing in the record indicating, that Respondent would not have been committed for thirty days had his hearing been held in a timely manner. Also, because there is no indication in the record that Respondent sought to be released on February 25, 1999, or objected to the continuance of his seven-day hearing until the hearing was held seven days later, the district court was unable to grant him dismissal as a remedy. In addition, because the failure to grant a timely hearing did not deprive the district court of jurisdiction, the court had jurisdiction to order both a thirty-day commitment and a treatment guardian, based on the evidence before it.

### Conclusion

{21} Because Respondent suffered no prejudice as a result of the statutory violation, we affirm the orders of the district court.

{22} **IT IS SO ORDERED.**

BUSTAMANTE, J., concurs.

ARMIJO, J., specially concurring.

ARMIJO, Judge, specially concurring.

{23} I concur in the opinion entered by the Court this day. However, where, as in the case of Fred Compton, liberty interests are implicated, it is troubling for a person who is involuntarily confined that the remedy of dismissal rests solely upon an analysis of prejudice. This is tantamount to the lack of any effective remedy under the statute, leaving as an open question: What are the protections for these violated liberty interests?