817 P.2d 1257

**STATE of New Mexico, TRANSPORTATION DEPARTMENT, MOTOR VEHICLE DIVISION, Plaintiff–Appellee,**

v.

**Charles YAZZIE, Defendant–Appellant.**

**No. 10946.**

Court of Appeals of New Mexico.

Aug. 1, 1991.

Certiorari Denied Sept. 11, 1991.

Wanda Wilkinson, Special Asst. Atty. Gen., Motor Vehicle Div., Santa Fe, for plaintiff-appellee.

Robert H. Graham, Farmington, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant appeals the district court's order affirming the Motor Vehicle Division's (division) revocation of defendant's driver's license. Defendant raises several issues on appeal, which we have consolidated into two issues: (1) whether the arresting officer's statement contained in the written form used by the division was sufficient for the division to revoke the license under NMSA 1978, Section 66–8–111 (Repl.Pamp. 1987); and (2) whether the district court, which based its decision solely on a review of the record and did not hold an oral hearing, failed to "hear the case" as required by Section 66–8–112(G) (Repl.Pamp. 1987). Although defendant raised issues concerning the administration of breathlyzer tests in his docketing statement, they were abandoned by defendant's failure to argue them in his brief-in-chief. *See State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct. App.1985). We hold that the arresting officer's statement, even though made under an incomplete notarization, nevertheless complied with the statutory requirements. We also hold that the district court, in reviewing the division's decision, complied with the requirements of Section 66–8–112(G). We therefore affirm on both issues.

## BACKGROUND

Defendant was arrested for driving under the influence of alcohol. The arresting officer, Officer Mullins, gave defendant notice under the Implied Consent Act (the Act), NMSA 1978, Section 66–8–105 through –112 (Repl.Pamp.1987), that his driving privileges would be revoked in thirty days due to his refusal to submit to a chemical test. Pursuant to Section 66–8–111(B), Officer Mullins filed a law enforcement officer's statement, in a form provided by the division, seeking to revoke defendant's driver's license for one year. The signature section of the form used for the officer's statement required the arresting officer to swear or affirm under the penalty of perjury that the information in the statement was true to the best of the officer's knowledge and belief. Although there is no designation on the form for a notary's seal or signature, a notary seal

without a notary's signature nonetheless was affixed or embossed on Officer Mullins' statement.

Defendant requested an administrative hearing on the license revocation, and the hearing officer upheld the revocation. Defendant then filed a petition for review of the administrative decision in the district court. Although defendant requested a hearing, the district court, without giving the parties an opportunity to appear before it, upheld the license revocation solely on a review of the administrative record. It is from this decision that defendant appeals.

VALIDITY OF STATEMENT

Section 66–8–111(B) allows the division to revoke a driver's license upon receipt of a statement certifying to certain matters and signed under the penalty of perjury by a law enforcement officer. When this appeal was assigned to a non-summary calendar, we asked the parties to brief the issue of whether Officer Mullins' statement was sufficient even if it was improperly notarized. We informed the parties that in *State of New Mexico, Transp. Dep't, Motor Vehicle Div. v. Herman*, 106 N.M. 138, 740 P.2d 132 (Ct.App.1987), and *Stephens v. State of New Mexico, Transp. Dep't, Motor Vehicle Div.*, 106 N.M. 198, 740 P.2d 1182 (Ct.App.1987), neither police officer had signed the statement under the penalty of perjury, nor had the statements been notarized.

In *Herman*, we held that the officer's failure to properly execute the statement, that is, having the statement either notarized or signed under the penalty of perjury, divested the division of jurisdiction to revoke the defendant's driver's license. In contrast to what the officers in *Herman* and *Stephens* failed to do, however, Officer Mullins actually signed the form, which included a statement that he did so under penalty of perjury. Thus, the central question in this appeal is whether Officer Mullins' statement was sufficient to give the division jurisdiction to revoke defendant's license.

■ Defendant argues that the officer's statement was insufficient because he was not under oath and the statement was not properly notarized. Defendant contends that, in order to sign a statement under the "penalty of perjury," an officer must actually be subject to the criminal consequences of the perjury crime. Defendant relies on NMSA 1978, Section 30–25–1 (Repl.Pamp. 1984), the criminal perjury statute, to support his argument. That section defines perjury as the making of a "false statement under oath or affirmation."

Defendant also argues that, because Officer Mullins was not "under oath" as defined by NMSA 1978, Section 14–13–1 (Repl.Pamp.1988), a general oath statute, the officer was not subject to the penalty of perjury, and thus his statement was invalid. Section 14–13–1 provides that, when a person enters into an oath for discharge of an office or on "any lawful occasion," the oath shall be administered by using certain designated words while that person holds his or her right hand in an upright position. Here, Officer Mullins simply attested that he made the statement under penalty of perjury.

We determine that we need not decide whether the officer was under "oath" as the term is used in Section 14–13–1. In addition to the crime of perjury, as codified in the criminal code on which defendant relies, other statutes likewise impose a criminal penalty for perjury. NMSA 1978, Section 66–5–38 (Repl.Pamp.1984), for example, provides that any person who knowingly swears or affirms falsely to any matter required by the Motor Vehicle Code is guilty of perjury. The Motor Vehicle Code specifically includes Section 66–8–111, the statute at issue here. *See* NMSA 1978, § 66–1–1 et seq. (Repl.Pamp.1984). Thus, a law enforcement officer could be criminally prosecuted for making a false statement under the motor vehicle code. If so, then defendant's argument fails.

In countering this rationale, defendant contends that Section 66–5–38 is an older statute, and that the Act, of which Section

66–8–111 is a part, was not only enacted later, but is more specific. Defendant does not explain specifically why such a distinction is relevant. Instead, he asserts that Section 66–8–111 applies only to law enforcement officers acting under the Act. In so doing, defendant indirectly implies that Section 66–5–38 does not apply to law enforcement officers simply because that section is not a part of the Act. Defendant cites no authority for these contentions. *See In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984)

Because the perjury provision under the Motor Vehicle Code refers to "individuals," we interpret the word in its ordinary meaning, unless the legislature has indicated a different intent. *See Orcutt v. S & L Paint Contractors, Ltd.,* 109 N.M. 796, 791 P.2d 71 (Ct.App.1990). In reading Section 66–5–38, we find no intent by the legislature to exclude law enforcement officers from the term "individuals" as that term is used in that statute. We therefore conclude that Officer Mullins was subject to the penalties under Section 66–5–38 when he signed the statement. We consequently hold that the statement was signed under the penalty of perjury and thus met the requirement of Section 66–8–111.

## VALIDITY OF "HEARING"

Defendant claims that he was entitled to an adjudicatory hearing in the district court on his petition for review. Defendant bases his contention on Section 66–8–112(G) of the Act, which provides that an aggrieved person may obtain review of the division's revocation decision, and that the district court "shall hear the case." Defendant concedes that he was not entitled to a trial de novo in district court. *See In re Gober,* 85 N.M. 457, 513 P.2d 391 (1973). He essentially argues, however, that the statutory language entitles him to a hearing at which the parties are permitted an opportunity to be heard and to present their case.

Having considered defendant's arguments, we determine that he is not entitled to a hearing under Section 66–8–112(G) as he proposes. The provisions of that statute only require the district court to examine the reasonableness of the division's de-cision based on the administrative record alone. "Hearing" has been defined in older New Mexico decisions as every step where the judge is called upon to rule for or against any party. *See State ex rel. Shufeldt v. Armijo,* 39 N.M. 502, 50 P.2d 852 (1935). In reviewing the language of Section 66–8–112(G), we conclude that the district court is not necessarily required to conduct an adjudicatory hearing in order to "hear" a case, although it may if it so desires. We find this especially true, given that Section 66–8–112(G) expressly requires "the court to determine only whether reasonable grounds exist for revocation or denial of the person's license or privilege to drive based on the record of the administrative proceeding."

## CONCLUSION

In summary, we hold that: (1) the arresting officer's statement, although not properly notarized, complied with the requirements of Section 66–8–111(B) to warrant license revocation; and (2) the district court complied with the review requirements under Section 66–8–112(G). The order revoking defendant's driver's license is therefore affirmed.

IT IS SO ORDERED.

ALARID, C.J., and BIVINS, J., concur.