## COUNTY OF QUAY V. STONE

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**COUNTY OF QUAY,**
**Plaintiff-Appellee,**
**v.**
**LEE STONE,**
**Defendant-Appellant,**
**and**
**DUSTY STONE,**
**Defendant.**

NO. A-1-CA-37278

COURT OF APPEALS OF NEW MEXICO

February 11, 2019

APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY, David P. Reeb Jr., District Judge

**COUNSEL**

Law Office of Jonlyn M. Martinez, LLC, Jonlyn M. Martinez, Albuquerque, NM, for Appellee

Lee Stone, San Jon, NM, Pro Se Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JENNIFER L. ATTREP, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant Lee Stone, a self-represented litigant, appeals following the district court order filed on March 5, 2018, denying Defendants' motions under Rule 1-060 NMRA and Rule 1-059 NMRA, and entering an injunction against further pro se filings, incorporating the district court's February 2, 2018 decision letter. [8 RP 2024; 8 RP 2016-23] This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. We remain unpersuaded that Defendant has established error.

{2}     We construed Defendant's docketing statement to have raised three issues, largely related to the process afforded him. Defendant's response does not track the analysis of our notice and instead focuses on certain details in the testimony, alleging various inconsistencies in Plaintiff's evidence. Defendant does not provide us with context for these details, the arguments Plaintiff made in response, the grounds for the district court's rulings on these details, or controlling legal authority that would warrant the reversal of the denial of motion for relief from judgment under Rule 1-060(B) or Rule 1-059. Under these circumstances, we have no obligation to search the record to develop our own independent understanding of the case and find factual and legal support for Defendant's allegations of error. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). "To rule on an inadequately [developed] issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them." *Id.* "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for [the appellate courts] to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.* "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683.

{3}     We review the issues raised in Defendant's appeal as we did in our notice and attempt to address the various alleged discrepancies in the evidence in this context. First, Defendant argues that the district court erred by not holding a hearing on Defendant's post-judgment motion(s). [CN 4; MIO 22-24] We explained in our notice that holding a hearing on post-judgment motions is discretionary with the district court. *See Ulibarri v. N.M. Corr. Acad.*, 2006-NMSC-009, ¶ 18, 139 N.M. 193, 131 P.3d 43 (finding that the district court was not required to hold a hearing on a motion properly characterized as a motion for a new trial); *N.M. Feeding Co. v. Keck*, 1981-NMSC-034, ¶ 18, 95 N.M. 615, 624 P.2d 1012 (holding that a hearing on a motion for new trial is not required). In New Mexico, a district court is not always required to hold an in-person hearing, and some matters are properly heard based solely on the review of the papers submitted by the parties. *See N.M. Transp. Dep't v. Yazzie*, 1991-NMCA-098, ¶ 12,112 N.M. 615, 817 P.2d 1257 (holding that the appellant received a hearing when the district court made its decision based on a petition for relief and an administrative record, without in-person argument). We further explained that a matter is "heard" when the district court makes a ruling on an issue. *Id.* (defining a "hearing" as "as every step where the judge is called upon to rule for or against any party"). [CN 4] And we

observed that the district court gave Defendant leave to develop an extensive body of pleadings in this case, and Defendant indeed filed many motions and responses. [CN 4]

**{4}**    Defendant responds to our notice with out-of-state authority suggesting that his allegations of fraud needed to be ferreted out with an evidentiary proceeding. [MIO 22-23] Defendant's contention does not persuade us. A decision on whether to hold a hearing on allegations of fraud and perjury that are raised in a post-judgment motion falls squarely within the district court's discretion, as we discussed in our notice. Further, the district court fully addressed this in the judge's letter of decision on the motion(s) to reopen:

> Defendants argue Plaintiff committed fraud in the ordinary sense. I, however, opine a disagreement over a witness's testimony or an inconsistency among witnesses' testimonies or a disliking of a witness's testimony does not mean fraud exists in the ordinary sense. At trial, I was persuaded by Plaintiff's argument that the Defendants improperly used the county's property. My opinion has not changed. The fact that Defendants dislike my decision and argue the Plaintiff's witnesses and attorney lied is unpersuasive.

[8 RP 2017]

**{5}**    It appears to us that Defendant's argument is that the district court weighed the evidence presented at trial incorrectly. This does not give rise to reversible error on appeal. "We will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 (alteration, internal quotation marks, and citation omitted); *see also Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses"). "It is for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies." *Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82.

**{6}**    Second, in this Court's calendar notice, we proposed that there was no error where the district court did not take judicial notice of two laws. [CN 5] Defendant does not seem challenge that proposal. In his response, Defendant continues to use the phrase "judicial notice"; however, it appears Defendant redirects its use to testimony, suggesting that the district court and this Court is required to take judicial notice of certain evidence and ascribe it the weight and meaning Defendant desires. [MIO 2-22] Generally, testimony about disputed matters is not the appropriate subject of judicial notice. Adjudicative facts subject to judicial notice are those "not subject to reasonable dispute." *State v. Erickson K.*, 2002-NMCA-058, ¶ 24, 132 N.M. 258, 46 P.3d 1258 (quoting Rule 11-201(B) NMRA). "Such facts must be matters of common and general knowledge which are well established and authoritatively settled." *Erickson K.*, 2002-NMCA-058, ¶ 24 (omissions, alteration, internal quotation marks, and citation omitted). Again, this Court does not reweigh evidence on appeal. *Jaynes*, 1988-NMCA-076, ¶ 8.

**{7}** Third, in this Court's calendar notice, we proposed to hold that the district court was within its discretion to enjoin further pro se filings by Defendant. [CN 5-6] In response to our notice, Defendant addresses this matter only to assert that the injunction will lead to future wrongful death suits and to state that we are not bound by the district court's rulings. [MIO 25] Even if this Court is not bound by district court rulings, we will defer to a district court ruling that is made within its authority and discretion. Defendant has not persuaded us that the district court acted outside of its authority and discretion in this case.

**{8}** For the reasons stated in our notice and in this opinion, we affirm the district court's order.

**{9}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**