This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37653

**SHAWN P. BURNS,**

Petitioner-Appellee,

v.

**BARBARA C. BURNS,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Shawn P. Burns
Albuquerque, NM

Pro Se Appellee

Barbara C. Burns
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}** Barbara C. Burns (Mother) separately appeals the denial of: (1) her motion for modification of Shawn P. Burns' (Father) child support obligation; and (2) her motion to remove the two minor children's (Children) belongings from Father's home. Mother argues the district court relied upon improper information in determining the amount of the monthly child support award, and in failing to schedule a hearing to allow Mother to present her arguments concerning the removal of Children's possessions from Father's home. We consolidate Mother's appeals and affirm.

**BACKGROUND**

**{2}** Father initiated divorce proceedings in June 2014. The final decree, entered on April 18, 2016, granted Father "primary physical custody" of the parties' Children. Mother and Father continued to contest custody and child support and on May 4, 2017, agreed to resolve their disputes through binding arbitration. On October 24, 2017, the arbitrator entered its award giving Father sole legal custody of Children and establishing a 50/50 time-sharing schedule. In addition, the arbitrator required Father to pay Mother $1,094 a month in child support. The child support award was based on Mother's July 2017 pay stub and Father's 2016 1040 tax forms.

**{3}** Mother filed a motion to vacate the arbitration award on November 3, 2017, "due to violation of [NMSA 1978,] 44-7A-24 [(2001)] and [NMSA 1978,] 40-4-9.1 [(1999)]." The district court held a hearing on multiple motions, including Mother's motion to vacate and, after hearing testimony, entered an order on April 6, 2018. The court found that the parties agreed to a 50/50 time-sharing schedule and upheld the arbitrator's decision on child support. On April 4, 2018, two days before the district court's order, Mother filed a motion to modify child support, but due to multiple delays, the district court was not able to hold a hearing to calculate child support until July 2018.

**{4}** At the hearing on the motion to modify child support, the district court used both parents' 2017 tax returns, W-2s, and a 50/50 time-sharing schedule to calculate child support and found a modification was not warranted under NMSA 1978, Section 40-4-11.1 (2008) because the recalculation did not produce at least a 20 percent increase or decrease in the amount of monthly support. Mother filed a motion for reconsideration the next day which the district court denied on August 6, 2018, finding that the child support was calculated on the parties' "*actual* income for 2017."

**{5}** Mother filed a motion in September 2018, requesting a hearing to "remove any and all" of Children's possessions from Father's house because Children were not "currently living with [Father]" and because Father threatened to "sell or give away [Children's] items if they [did not] stay with him." The district court denied the motion without a hearing, finding that Children had lived primarily with both parents at various times and that there was no reason to believe this "haphazard custody arrangement" would change. Mother appeals both orders.

**DISCUSSION**

**I.      Denial of Mother's Request to Modify Child Support Amount**

**{6}** Mother's first argument is that the district court erred when it denied Mother's motion to modify the amount of monthly child support paid by Father to Mother. More specifically, Mother argues the district court improperly calculated the amount of monthly child support owed by Father by (1) using income from Mother's second job despite the court's alleged prior indication that it would not do so; (2) using tax returns from 2017, which did not take into account Father's increased salary, to calculate the 2018 child support amount; and (3) failing to account for the actual time Children spent at Mother's house. We disagree.

**{7}** We review child support determinations made by the district court for an abuse of discretion. *Jury v. Jury*, 2017-NMCA-036, ¶ 26, 392 P.3d 242. The district court's discretion "must be exercised in accordance with the child support guidelines." *Styka v. Styka*, 1999-NMCA-002, ¶ 8, 126 N.M. 515, 972 P.2d 16. "A district court abuses its discretion if it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Jury*, 2017-NMCA-036, ¶ 26 (internal quotation marks and citation omitted).

**{8}** We first consider whether the district court erred in considering Mother's income from sources beyond her primary occupation as a nurse for Albuquerque Public Schools in determining the parties' obligations for child support. Section 40-4-11.1(C)(1) provides that, for purposes of establishing or modifying child support, " 'income' means actual gross income of a parent if employed to full capacity or potential income if unemployed or underemployed." Notwithstanding the plain language of this statute, Mother contends the district court should not have considered all sources contributing to her gross income because the court indicated in an earlier hearing that it would not count income from her "second job" in determining the appropriate amount of support. However, the district court's statements were mere musings about possible working capacities and even if they were not, "no statement made by [a] trial judge in [a] divorce hearing is of any binding effect in that case or in any case except as included in the findings of fact, conclusions of law, and judgment entered in the case. This is true as to all statements of trial judges[.]" *Wray v. Pennington*, 1956-NMSC-120, ¶ 8, 62 N.M. 203, 307 P.2d 536. Mother cites no legal authority establishing that such a statement will bind the court in contravention of Section 40-4-11.1(C)(1). *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that issues not supported by cited authority will not be considered on appeal).

**{9}** Here, the district court found that Mother had "historically earned income from several jobs during the parties' marriage and divorce, including through the calendar year 2017," and that her income was variable from month to month. It therefore relied on tax information for its calculations, in accordance with statutory authority. *See* § 40-4-11.1(K) (stating when "income varies a lot from month to month, [the district court should use] an average of the last twelve months, if available, or *last year's income tax return*" (emphasis added)); § 40-4-11.1(C)(2) (stating "gross income" includes "income from salaries, wages, . . . and bonuses). Accordingly, the district court did not abuse its discretion by relying on Mother's 2017 tax forms, which included income from her second job, for its child support calculation. *See* 40-4-11.1 (c)(2), (K)"; *see also Styka*, 1999-NMCA-002, ¶ 11 ("We believe the language of Section 40-4-11.1(C)(2) requires consideration of the actual amount of income from the statutorily listed sources in determination of each parent's gross income.").

**{10}** We next turn to Mother's contention that the district court improperly excluded evidence of Father's increased income in 2018 when it denied Mother's April 2018 motion to modify the amount of child support. The district court "may modify a child support obligation upon a showing of material and substantial changes in circumstances subsequent to the adjudication of the pre-existing order [on child support]." NMSA 1978,

§ 40-4-11.4(A) (1991). A "presumption of material and substantial changes in circumstances" exists "if application of the child support guidelines . . . would result in a deviation upward or downward of more than [20] percent of the existing child support obligation and the petition for modification is filed more than one year after the filing of the pre-existing order." *Id.*

**{11}** Mother argues that because Father received a raise in January 2018, the district court should have calculated his support obligation based upon his projected 2018 income rather than the income reported on his 2017 tax returns. However, Mother fails to point to anything in the record nor does she develop an argument establishing that Father's 2018 pay raise would have modified the child support amount by 20 percent or more. We therefore do not review this argument. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (holding "[w]e will not search the record for facts, arguments, and rulings in order to support generalized arguments"); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{12}** We next address Mother's argument that the district court should have modified the child support amount because there was a change in the time-sharing schedule such that she had primary physical custody of Children. Our understanding of Mother's argument is that Children began primarily living with her beginning in May 2018 and, therefore, she is entitled to an increase in child support from that time as a result of an increase in the amount of time Children spent with her. However, the district court expressly rejected this argument, based on the parties' history of frequently changing custody arrangements. Section 40-4-11.1(F)(2) requires that the district court use Worksheet B for child support calculations, which the district court used in this case, when the children spend at least 35 percent of their time in each parent's home. *See* § 40-4-11.1(D)(3) (defining "shared responsibility" as a custody arrangement where children "spend at least [35] percent of the year in each home.") Mother fails to show how the district court applied "an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Jury*, 2017-NMCA-036, ¶ 26 (internal quotation marks and citation omitted). Moreover, since Mother filed her appeal, the district court has subsequently adjusted child support based on actual time-sharing for 2018, making Mother's time-sharing argument moot. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("[a] reviewing court generally does not decide . . . moot questions"). We conclude that the district court did not abuse its discretion in denying Mother's motion to modify the amount of child support.

## II.    Children's Possessions at Father's House

**{13}** Finally, we turn to Mother's argument that the district court erred in denying her motion to remove Children's belongings from Father's home. Mother broadly argues that the district court "acted unconstitutionally, . . . violated the rules of evidence[,]" and violated "New Mexico's Creed of Professionalism" in declining to schedule a hearing on the motion. The district court retains discretion to make determinations about hearings

and evidence. *See State v. Hargrove*, 1989-NMSC-012, ¶ 21, 108 N.M. 233, 771 P.2d 166 (explaining that the district court has "the discretion to control trial proceedings to avoid the needless consumption of time[.]"). A district court is not always required to hold an in-person hearing, and some matters are properly heard based solely on review of the pleadings submitted by the parties. *See N.M. Transp. Dep't, Motor Vehicle Div. v. Yazzie*, 1991-NMCA-098, ¶ 12,112 N.M. 615, 817 P.2d 1257 (holding that the defendant received a hearing when the district court made its decision based on a petition for relief and an administrative record, without in-person argument). A matter is "heard" when the district court makes a ruling on an issue. *See id.* (defining a "hearing" as "as every step where the [court] is called upon to rule for or against any party"). Furthermore, Mother fails to cite to any authority in support of her argument that the district court abused its discretion in denying her motion and we therefore assume none exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2 (issues not supported by cited authority will not be considered on appeal); *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126 ("Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar") (internal quotation marks and citation omitted). Accordingly, we decline to address Mother's argument, and affirm the district court's denial of her motion to remove Children's belongings from Father's home.

**CONCLUSION**

**{14}**   For the foregoing reasons, we affirm.

**{15}   IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JACQUELINE R. MEDINA, Judge**