This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41962

SILA, LLC, a New Mexico limited
liability company,

      Plaintiff-Appellee,

v.

JOHN MILLIGAN, individually;
JOHN MILLIGAN, as trustee or TTEE;
MILLIGAN INVESTMENTS, LLC, a
New Mexico limited liability company,

      Defendants-Appellants.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Joshua A. Allison, District Court Judge

Sutin, Thayer & Browne, APC
Stevan Douglas Looney
Albuquerque, NM

for Appellee

Joseph M. Romero
Albuquerque, NM

Law Offices of Charles A. Pressman
Charles A. Pressman
Playa del Rey, CA

for Appellants

### MEMORANDUM OPINION

HENDERSON, Judge.

**{1}**     Defendant appeals from the district court's order granting Plaintiff's motion for summary judgment, its order denying his motion to reconsider, and its order granting costs and attorney fees in favor of Plaintiff. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition and Plaintiff filed a memorandum in support, both of which we have duly considered. Unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Defendant generally repeats many of the arguments raised in the docketing statement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. To the extent he repeats the same arguments, we affirm for the reasons stated in the proposed disposition. To the extent he does not contest proposed resolutions of several of his issues, we deem those issues abandoned. *See Griffin v. Thomas*, 1997-NMCA-009, ¶ 7, 122 N.M. 826, 932 P.2d 516 ("[A]n issue is deemed abandoned where a party fails to respond to the calendar notice's proposed disposition of the issue.").

**{3}**     Defendant, in his memorandum in opposition, frames some of the issues differently. Defendant maintains that it was plain error for the district court to grant Plaintiff's motion for summary judgment and to deny his motion to reconsider. Plain error applies to "cases raising evidentiary matters in which the asserted error affected substantial rights." *State v. Garcia*, 2019-NMCA-056, ¶ 10, 450 P.3d 418 (internal quotation marks and citation omitted). "When a plain error affects substantial rights . . . an appellate court should exercise its discretion and reverse if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Paiz*, 1999-NMCA-104, ¶ 28, 127 N.M. 776, 987 P.2d 1163 (alteration, internal quotation marks and citation omitted). In determining whether there has been plain error, we "examine the alleged errors in the context of the testimony as a whole." *State v. Barraza*, 1990-NMCA-026, ¶ 18, 110 N.M. 45, 791 P.2d 799. The plain error rule is to be used sparingly as an exception to the preservation rule. *See Paiz*, 1999-NMCA-104, ¶ 28.

**{4}**     Defendant first argues that "[i]t is plain error of the district court . . . to act without jurisdiction to contradict the established zoning law[,] . . . [s]tate laws, and public policy, . . . thereby retroactively validating and enforcing the fraudulently induced illegal condition of the Agreement." [MIO 4] Specifically, Defendant points to the Integrated Development Ordinance, Section 4-3(D)(35)(h) (2021), which states that "[i]n the MX-T zone district, [cannabis retail] is prohibited, unless associated with an establishment licensed by the State as a cannabis microbusiness." [MIO 4] Defendant asserts that Plaintiff "never had any legal 'right' to proceed with its legally invalid and fraudulent licensing application in the first place, [because] the illegal application itself was contrary to the law and policy." [MIO 5] As such, Defendant contends that "any claims based on illegal cause are non[]justiciable and the district court had no jurisdiction to grant relief." [MIO 5] More specifically, he argues that "[t]he Addendum Two contingency was in no

legal or lawful way possible under . . . Plaintiff[]'s pre-existing circumstances and law," Plaintiff's attempt to obtain the proper licensure to open a cannabis business was "an illegal effort to circumvent the law," and the district court "oppressively and impermissibly misapplied the law governing the cannabis license." [MIO 6-7] We are unpersuaded. As noted above, the plain error rule only applies to evidentiary matters, and Defendant has not demonstrated that there was an evidentiary matter that affected his substantial rights. *See State v. Gutierrez*, 2003-NMCA-077, ¶ 19, 133 N.M. 797, 70 P.3d 787 ("Plain error applies only to errors in evidentiary matters."). In addition, Defendant has not provided this Court with any authority in support of his contention that the district court did not have jurisdiction over this case because Plaintiff may have misrepresented facts regarding its ability to get a license for a cannabis business. Where a party cites no authority to support an argument, we may assume no such authority exists. *See Lee v. Lee* (*In re Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.

**{5}**     Defendant further contends that the district court committed plain error when it granted Plaintiff's motion for summary judgment and denied his motion to reconsider and argues that his substantial right not to be deprived of life, liberty, or property without due process of law was violated because "the district court erroneously adopt[ed] . . . Plaintiff[]'s fabricated and unlawful claim that [it] was the non-breaching party" because it never would have obtained the license as the property was not zoned for a cannabis business. [MIO 7-8] Regarding Plaintiff's motion for summary judgment, we proposed to affirm the district court's order on the basis that Defendant did not dispute any of the material facts set forth by Plaintiff or present any evidence to demonstrate the existence of a material fact. [CN 3-4] In his memorandum in opposition, Defendant has not provided any new fact, law, or argument demonstrating that there were material facts that should have precluded the district court's grant of summary judgment in favor of Plaintiff. Rather, Defendant again makes conclusory statements about Plaintiff's misrepresentations to obtain the proper license, but does not point to the record proper to support these statements. Nor does Defendant point to any authority to support the proposition that the district court's grant of summary judgment was plain error. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

**{6}**     Turning to the denial of Defendant's motion to reconsider, we proposed to affirm on the basis that Defendant could have raised his issues at the summary judgment stage. [CN 13-15] Defendant argues he "never had an opportunity to conduct an investigation and discovery as to illegality of the State license." [MIO 10] Defendant relies on the argument that Plaintiff could not have obtained a valid license because "licensure was only possible to be obtained by certifying under oath to the false material fact of verified legal compliance with zoning law." [MIO 10] Again, we are not persuaded. First, Defendant has not demonstrated how this is an evidentiary matter such that the plain error doctrine would apply. *See Gutierrez*, 2003-NMCA-077, ¶ 19. Second, as we explained in our calendar notice, the New Mexico Regulatory Licensing Division's application and the required certification allows for future compliance such that Plaintiff did not make any misrepresentations at the time it submitted its application for a business license. The application requires that applicants certify that they

"obtained a current local jurisdiction business license, *or will prior to operation of the cannabis establishment.*" [2 RP 397; 3 RP 730] Because the property was located in an area that was not zoned for a cannabis business, Plaintiff's application was denied. Defendant was aware that Plaintiff sought to open a cannabis business and that it would need the proper license to do so. [2 RP 261] As such, Defendant could have raised these arguments at the summary judgment stage, but did not. *See Mondragon*, 1988-NMCA-027, ¶ 10.

**{7}**     To the extent that Defendant asserts that the district court's failure to conduct a hearing on his motion to reconsider also constituted plain error [MIO 15, 17], we are unpersuaded. First, Defendant has not provided us with any authority to demonstrate how this was an evidentiary matter that would require reversal under the plain error doctrine. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. Second, as explained in our calendar notice, the district court is not required to hold an in-person hearing, and some matters are properly heard based solely on the review of the papers submitted by the parties. *See N.M. Transp. Dep't, Motor Vehicle Div. v. Yazzie*, 1991-NMCA-098, ¶ 12, 112 N.M. 615, 817 P.2d 1257 (holding that the appellant received a hearing when the district court made its decision based on a petition for relief and an administrative record, without in-person argument). Although the district court denied the motion to reconsider on the basis that it lacked jurisdiction—a ruling which we agreed with Defendant was error—the district court also indicated that it had considered the motion, response, and reply such that Defendant had an opportunity for it to be heard. [4 RP 841 n. 1] Defendant has not cited to any authority to demonstrate that the district court was required to hold a hearing in this instance. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

**{8}**     Defendant also continues to argue that Plaintiff made misrepresentations regarding Addendum Two's contingency and makes numerous statements about how the "evidence and authorities within the record proper prove that the Addendum Two condition was fraudulent and illegally added without [Defendant]'s informed consent." [MIO 13-15] We explained in our calendar notice that Defendant had failed to cite to the record proper to support this contention. [CN 13-14] In his memorandum in opposition, Defendant again has not provided us with any record proper cites regarding the "evidence and authorities," which would support his claim that Plaintiff made willful misrepresentations regarding the license it needed to operate its cannabis business such that Addendum Two was fraudulent. *See Santa Fe Expl. Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819 (explaining that where a party fails to cite any portion of the record to support its factual allegations, the Court need not consider its argument on appeal). As such, we conclude that Defendant has not demonstrated that Plaintiff made misrepresentations with regard to the required licensure.

**{9}**     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court.

**{10}    IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**ZACHARY A. IVES, Judge**